IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No. 06-cv-00663-LTB-CBS

HARTSHORN PROPERTIES, LLC, a Colorado limited liability company,

    Plaintiff,

v.

BNSF RAILWAY COMPANY, a Delaware corporation,

    Defendant.

_____

ORDER
_____

    The defendant, BNSF Railway Company ("BNSF"), removed this case here on diversity grounds. 28 U.S.C. § 1332. The plaintiff, Hartshorn Properties, LLC ("Hartshorn") owned 147 acres of land, through which a BNSF track runs. It has sold a portion of the land to an affiliate for development. Hartshorn alleges that BNSF is required, under the terms of a 1903 deed by which BNSF's predecessor-in-interest took title to the right of way, to construct and maintain grade crossings across the tracks. BNSF has allegedly disposed of two crossings, denying Hartshorn access to 50 acres of the parcel.

    Hartshorn seeks an injunction to have the crossings restored. It also presses claims – trespass, nuisance, interference with easement, negligence, breach of covenant of warranty, interference with prospective business relations – predicated upon its alleged entitlement to the crossings. It moves for partial summary judgment on the injunction, trespass, nuisance, and interference with easement claims and on BNSF's cross claim for declaratory judgment. BNSF

moves to strike the affidavit of a Hartshorn witness, John Engel, and moves for partial summary judgment on Hartshorn's trespass and nuisance claims. For the reasons stated below, all three motions are DENIED.

By the 1903 deed, BNSF's predecessor-in-interest, a railroad, obtained from Hartshorn's predecessor-in-interest, a farmer, a strip of land on which to construct a rail right of way. The right of way bisected the farm, leaving approximately 50 acres secluded northwest of the tracks. In the deed, the railroad agreed "to put in all the crossings that are necessary for use on said farm and to construct and maintain suitable gates at said crossings."

It is undisputed that the land was farmed until 1999, when Hartshorn acquired it, and partially thereafter. Hartshorn no longer farms the landlocked parcel, but desires access to complete excavation requisite to a planned sale of the land.

John Engel, a superintendent overseeing development of a Hartshorn parcel, averred that he observed BNSF employees removing wood planks from the crossings and leveling the graded approaches to the crossings. The workers amassed the resulting dirt piles on Hartshorn's land. In deposition, Mr. Engel allowed that his identification of the workers was less than certain; he had inferred the workers' employment status from their presence on BNSF's land. Also, he did not witness the removal of the planks and dirt. These tasks he also inferred from the activity he observed and from the result – after the workers were done, the crossings were demolished.

BNSF moves to strike Mr. Engel's affidavit, and moves for summary judgment on Hartshorn's trespass and nuisance claims, on the ground that "Mr. Engel lied in his Affidavit." BNSF does not disclose by what means it discerns Mr. Engel's mendacity. In any event, it overstates the inconsistency between the affidavit and the deposition testimony. Mr. Engel might

reasonably have inferred from his observations the affiliation and objectives of the workers he saw. Any inconsistencies present factual questions for trial.

BNSF argues that the reservation in the deed does not run with the land. Alternatively, it argues that use of the crossings is preserved for agricultural purposes only. Finally, it argues that Hartshorn's proposed use of the crossings is not necessary. Hartshorn argues that the provision unambiguously grants to it an easement over the BNSF tracks, which it may employ for its own uses.

I find the language of the 1903 deed ambiguous on its face; alone, it does not answer the question whether the parties to the deed intended to limit the permitted use of any easement to agricultural activities. *Lazy Dog Ranch v. Telluray Ranch Corp.*, 965 P.2d 1229, 1241 (Colo. 1998). Extrinsic evidence, admissible for the limited purpose, also commends a finding of ambiguity. *Id*. at 1236. That the Hartshorn property was used for agricultural purposes at the time of the 1903 transfer and for nearly a century thereafter renders BNSF's reading reasonable. Summary judgment is therefore inappropriate. *Id*. at 1241.

Hartshorn proffers the deposition testimony of its manager, Ken Crumb, to the effect that Hartshorn intends to farm the northwest parcel if its intended sale of the land proves unfeasible. However, it is undisputed that Hartshorn is engaged in negotiations for sale of the property and intends to use the crossings in aid of its intended excavation. In light of those facts, Mr. Crumb's testimony presents a fact question for trial.

Accordingly, it is ORDERED that:

1) Hartshorn's motion for partial summary judgment [29] is DENIED;

2) BNSF's motion to strike [46] is DENIED; and

3) BNSF's motion for partial summary judgment [47] is DENIED.

Dated: October __17__, 2006, in Denver, Colorado.

                                              BY THE COURT:

                                              __s/Lewis T. Babcock_____
                                              Lewis T. Babcock, Chief Judge