IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No. 06-cv-00663-LTB-CBS

HARTSHORN PROPERTIES, LLC, a Colorado limited liability company,

    Plaintiff,

v.

BNSF RAILWAY COMPANY, a Delaware corporation,

    Defendant.

_____

ORDER
_____

    In this action, removed here on diversity grounds, the plaintiff, Hartshorn Properties, LLC ("Hartshorn"), seeks an injunction to have crossings restored across trackage that the defendant, BNSF Railway Company ("BNSF"), maintains and uses. The crossings formerly provided the only means of communication between two parcels that BNSF's rails bisect and which Hartshorn has attempted to develop. Hartshorn also presses claims – trespass, nuisance, interference with easement, negligence, breach of covenant of warranty, interference with prospective business relations – predicated upon its alleged entitlement to the crossings. It now seeks leave to amend the damages claims to add a claim for exemplary damages premised upon BNSF's purported destruction of the crossings in willful and wanton disregard of its property rights.

    Previously, I granted Hartshorn's motion for consolidation of the preliminary injunction hearing with trial on the merits of the injunction claim, pursuant to Fed. R. Civ. P. 65(a)(2). I then entered a scheduling order for the injunctive relief phase of this case, ruling explicitly that

claims for damages would be tried separately to a jury. BNSF argues that Hartshorn fails to demonstrate good cause for its failure to meet the deadline established in the scheduling order – June 16, 2006 – for amendment of pleadings. However, the order expressly pertained only "to the injunctive relief phase of the action." BNSF does not assert that Hartshorn's proposed amendment will bear upon that phase. Nor has a scheduling order issued for litigation of the damages claims. Amendment will not run afoul of the scheduling order or Fed. R. Civ. P. 16.

BNSF next argues that the proposed amendment is untimely under Fed. R. Civ. P. 15. As BNSF concedes, leave to amend a complaint shall be freely given when justice so requires. Fed. R. Civ. P. 15(a); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003).

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.– the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). BNSF urges me to find that Hartshorn has unduly delayed amendment of its complaint.

Hartshorn points out that Colo. Rev. Stat. § 13-21-102 prohibits complainants from including a claim for exemplary damages in any initial claim for relief. The claim may be added by amendment to the pleadings only after the exchange of initial disclosures, and only if "the plaintiff establishes prima facie proof of a triable issue." Colo. Rev. Stat. § 13-21-102(1.5)(a). Hartshorn avers that it obtained the requisite proof of willful and wanton conduct only after BNSF supplemented its initial disclosures with productions in August and September, 2006 of written communications, which demonstrate BNSF's purported disregard for Hartshorn's property rights.

I agree that Hartshorn rightly abstained until it could be confident of satisfying the requirements of the Colorado statute; Hartshorn is to be encouraged in its cautious interpretation of the statute. *Charles A. Micale Irrevocable Insurance Trusts v. Bank One N.A. (Chicago)*, 2006 WL 1222330, *5 (D. Colo. 2006).

BNSF observes that Hartshorn included in its initial complaint allegations that BNSF acted with malice or indulged in willful and wanton conduct. It argues that one can infer from those allegations only that Hartshorn either had sufficient evidence of willful and wanton conduct when it filed its complaint or that its counsel violated Fed. R. Civ. P. 11. The insinuation is inapt and unfortunate. Rule 11 sets a lower bar than the Colorado exemplary damages statute, providing that, by signing the complaint, counsel certifies that "the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Nothing indicates that Hartshorn's counsel has contravened Rule 11 in any manner.

The allegations in the initial complaint of willful and wanton conduct are relevant to the question whether BNSF has been prejudiced by Hartshorn's delay in filing this motion. Those allegations put BNSF on notice of Hartshorn's theory from the beginning, and BNSF cannot credibly claim to be surprised by Hartshorn's current request. *Micale Irrevocable Insurance Trusts*, 2006 WL 1222330 at *5.

Finally, BNSF argues that Hartshorn fails in its proposed Amended Complaint to establish a prima facie claim for exemplary damages. Of course, no such requirement attends Rule 15 and 16. Presumably, BNSF intends to argue that the proposed amendment would prove

futile because Hartshorn cannot hope to survive Rule 12(b)(6).  However, BNSF does not demonstrate its proof in the paragraph it devotes to the question.

Accordingly, Hartshorn's motion to amend is GRANTED.

Dated: November __7__, 2006, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge