IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No. 06-cv-00663-LTB-CBS

HARTSHORN PROPERTIES, LLC, a Colorado limited liability company,

    Plaintiff,

v.

BNSF RAILWAY COMPANY, a Delaware corporation,

    Defendant.

_____

ORDER
_____

    The defendant, BNSF Railway Company ("BNSF"), asks me to reconsider my order granting the motion of the plaintiff, Hartshorn Properties, LLC ("Hartshorn"), for leave to amend its complaint to include a statement of exemplary damages. In my order I determined that Hartshorn had complied with Rule 15 and 16 of the Federal Rules of Civil Procedure.

    BNSF argues that Hartshorn is also bound by the strictures of Colo. Rev. Stat. § 13-21-102(1.5)(a), which permits plaintiffs to add claims for exemplary damages by amendment to the pleadings only after the exchange of initial disclosures, and only if "the plaintiff establishes prima facie proof of a triable issue." BNSF now asserts that these provisions are substantive and, under the doctrine of *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938) and *Hanna v. Plumer*, 380 U.S. 460, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965), govern the question what burden Hartshorn must satisfy before amending.

**I. Applicable law**

Federal courts sitting in diversity jurisdiction generally apply federal procedural law and state substantive law. *Hanna*, 380 U.S. at 465. However, "choices between state and federal law are to be made not by application of any automatic, 'litmus paper' criterion, but rather by reference to the policies underlying the *Erie* rule," which "is rooted in part in a realization that it would be unfair for the character of result of a litigation materially to differ because the suit had been brought in a federal court." *Id*. at 467.

Thus, courts first inquire whether the state law directly collides with any federal procedural rule. *Trierweiler v. Croxton and Trench Holding Corp.*, 90 F.3d 1523, 1539-1540 (10th Cir. 1996) (citing *Hanna*, 380 U.S. at 470; *Burlington Northern R. Co. v. Woods*, 480 U.S. 1, 4-5, 107 S. Ct. 967, 94 L. Ed. 2d 1 (1987)). If so, the Rules control; *Erie* "has never been invoked to void a Federal Rule." *Hanna*, 380 U.S. at 470. If not, courts must undertake the outcome-determinative analysis that protects the twin aims of *Erie* – "discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Trierweiler*, 90 F.3d at 1540 (quoting *Hanna*, 380 U.S. at 468).

    **A.**    **No direct collision**

In *Jones v. Krautheim*, 208 F. Supp. 2d 1173, 1179 (D. Colo. 2002) a judge of this Court construed a statute similar to Colo. Rev. Stat. § 13-21-102(1.5)(a) and determined that its procedural mandates applied in federal court because no inconsistency with the federal Rules appeared. Section 13-64-302.5(3), at issue in *Jones*, governs statements of exemplary damages against health care providers. Like Section 13-21-102(1.5)(a), Section 13-64-302.5(3) forfends a statement for exemplary damages in the original complaint and allows addition of the statement by

amendment only after some discovery and only if the plaintiff demonstrates a *prima facie* proof of a triable issue. Citing *Trierweiler*, the *Jones* court reasoned that the scope of Section 13-64-302.5(3) – claims against health care providers – is narrower than the scope of the Rules and therefore the provision is consistent with the Rules. *Jones*, 208 F. Supp. 2d at 1179. Citing *Jones*, Judge Kreiger in *Witt v. Condominiums at the Boulders Ass'n*, 2006 WL 348086 (D. Colo. 2006) decided that Colo. Rev. Stat. § 13-21-102(1.5)(a) also has application in federal court.

     I agree with the holdings of *Jones* and *Witt* that the procedural requisites of the Colorado exemplary damages statutes do not directly collide with Rules 8, 9, or 16. *Jones*, 208 F. Supp. 2d at 1178-1179; *Witt*, 2006 WL 348086 at *7. I find instructive the reasoning in *Trierweiler* and *Jones* that the provisions of Colorado law there considered did not collide with Rule 11. *Trierweiler*, 90 F.3d at 1540; *Jones*, 208 F. Supp. 2d at 1179. Section 13-21-102(1.5)(a) concerns only statements of exemplary damages. Its scope is therefore narrower than Rule 11 and direct conflict is avoided. *See Trierweiler*, 90 F.3d at 1540.

     **B.**    *Erie* **principles**

     I next turn to the "the typical, relatively unguided *Erie* choice." *Trierweiler*, 90 F.3d at 1540. Though federal courts are reluctant to graft state-created procedures onto cases appearing therein, relatively minor impositions, such as the mandate of one additional filing, do not alter the essential characteristics of the federal system. *Id*. The dual policies of *Erie* commend application of the Colorado provision here. A plaintiff claiming exemplary damages is likely to choose a forum without Colorado's amendment requirement in order to avoid both the extra cost and the risk of failing to demonstrate a *prima facie* case early in the proceedings. *See id.* at 1541. Also, the obstacles that Section 13-21-102(1.5)(a) places in front of claimants is bound up with

Colorado's policy of deterring frivolous assertions of entitlement to exemplary damages. The provision reflects a substantive decision by Colorado. *Id*.

**II.  A *prima facie* showing**

Hartshorn identifies communications by and among BNSF representatives which, it contends, demonstrate BNSF's willful and wanton disregard of its property rights. I agree. BNSF's lack of apparent concern over Hartshorn's access to the northwest parcel, its insistence upon its view of the 1903 deed despite the ambiguity thereof, and its removal of the crossing without notice, together is sufficient to constitute a *prima facie* case.

By definition, a *prima facie* case can be rebutted and BNSF will, no doubt, proffer a benign explanation for the evidence Hartshorn has tendered. BNSF's argument that Hartshorn's evidence is insufficient as a matter of law to get to a jury, when considered in light of BNSF's legitimate safety concerns, therefore misses the mark. I am concerned here only with the question of amendment, not summary judgment.

Accordingly, BNSF's motion to reconsider [#70] is DENIED.

Dated: December   7  , 2006, in Denver, Colorado.

                                        BY THE COURT:


                                           s/Lewis T. Babcock
                                        Lewis T. Babcock, Chief Judge

4